

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JESSIE JAMES RICHMOND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:04-01417-HFF-TER |
| | § | |
| LIFUERTES ROSARIO; NFN SERANNA; | § | |
| DOCTOR AT FCI-EDGEFIELD; | § | |
| NFN GUEVARA, | § | |
| Administrator; and J. MATTSON, | § | |
| | § | |
| Defendants. | § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE AND GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT

**I.     INTRODUCTION**

This is a civil rights action brought by Plaintiff pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1]  Plaintiff is proceeding *pro se* and has requested counsel.  This matter is before the Court for review of the Magistrate Judge's Report and Recommendation (Report) made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d) for the District of South Carolina.

---

[1] In his complaint, Plaintiff refers to this action as being brought under both 42 U.S.C. § 1983 and *Bivens*.  Suits against federal officials, however, will not lie under 42 U.S.C. § 1983. *Bivens*, 403 U.S. at 398 n.1.  Therefore, the Court treats this as an action solely under *Bivens*.

## II. MAGISTRATE'S REPORT

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

U.S. Magistrate Judge Thomas E. Rogers III filed a Report recommending that this Court grant Defendants' motion for summary judgment. In his Report, Judge Rogers accepted Defendants' contentions on Plaintiff's Eighth Amendment claim and on the issue of qualified immunity but rejected Defendants' argument that Plaintiff failed to exhaust his administrative remedies prior to instituting this action. Plaintiff was apprised of his right to file objections to the Report, and he filed his "Objections by Petitioner to Respondent's Motion for Summary Judgment" (Objections) with the Clerk of Court on August 12, 2005.

## III. DISCUSSION

In light of the standard set out above, the Court has reviewed, *de novo,* the pleadings and supporting documentation in this case and finds that the Report is proper. The Court notes that the bulk of Plaintiff's Objections are in the form of general objections which could be rejected by the Court without explanation. Specific objections are necessary to focus the Court's attention on disputed issues. *See Thomas v. Arn*, 474 U.S. 140, 147-48 (1985). Because general objections to a Magistrate Judge's report do not direct the Court's attention to any specific portion of the report, they are tantamount to a failure to object. *See Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (failure

to file specific objections to particular conclusions in magistrate judge's report, after warning of consequences of failure to object, waives further review). In the instant case, therefore, the Court will review only those objections in which Plaintiff has specifically addressed portions of the Report.

Initially, the Court finds that Plaintiff has failed to meet his burden of producing evidence to demonstrate that Defendants acted with "deliberate indifference to a serious medical need." *See, e.g.*, *Pressly v. Hutto*, 816 F.2d 977 (4th Cir. 1987). Plaintiff argues in his Objections that (1) the medical staff "will do as little as possible and will give false reports to cover their actions," Plaintiff's Objections at 4, (2) "I know I that I was not given the proper medical treatment," *id.* at 7, and (3) "professional judgment was either not exercised or was not followed [a]fter it was exercised," *id.* Plaintiff's arguments must fail for two reasons. First, his argument speaks only to possible negligence by the medical staff. Mere negligence–even negligence in diagnosing or treating a serious medical condition–will not support a claim under the Eighth Amendment. *Daniels v. Williams*, 474 U.S. 327, 328 (1986), *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Second, Plaintiff's assertion that the staff "will give false reports to cover their actions," while potentially alleging a level of fault higher than negligence, is unsupported by any evidence in the record. Therefore, the Court finds that Plaintiff failed to present evidence meeting the standard of "deliberate indifference" required when alleging a failure to provide medical treatment required by the Eighth Amendment.

The Court has reviewed Plaintiff's other objections but, for the reasons stated by the Magistrate Judge, finds them to be without merit and overrules them. Specifically, the Court finds that the preponderance of Plaintiff's Objections either exist in a generalized form or fail to properly address issues presented in Defendants' motion for summary judgment. For example, Plaintiff's discussion of the exhaustion requirements imposed by the Prison Litigation Reform Act, 42 U.S.C.

§ 1997e, is inappropriate due to the fact that the Magistrate Judge recommended a finding that Plaintiff *did* exhaust his administrative remedies before bringing the instant action. Magistrate's Report at 7. Further, Plaintiff's objections to the reference of this case to the Magistrate Judge without his consent are irrelevant because the Magistrate Judge did not issue a binding, final judgment in this case but merely conducted pretrial matters and forwarded a Report to this Court. *See U.S. v. Raddatz*, 447 U.S. 667 (1980), *Gairola v. Va. Dep't. of Gen. Servs.*, 753 F.2d 1281 (1985). Thus, the Court rejects Plaintiff's remaining objections, whether general or specific.[2]

It is therefore ordered that the Report, to the extent that it does not contradict this Order, be accepted and incorporated herein, that Plaintiff's objections be overruled, and that Defendant's motion for summary judgment be **GRANTED**. All remaining pending motions are rendered **MOOT**.[3]

**IT IS SO ORDERED**.

Signed this 18th day of August, 2005 in Spartanburg, S.C.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

### NOTICE OF RIGHT TO APPEAL
Plaintiff is hereby notified that he has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] Plaintiff neglected to object to the Magistrate Judge's finding that Defendants are entitled to qualified immunity; therefore, the Court does not specifically address this aspect of the Report.

[3] Although the Court finds Plaintiff's motion for appointment of counsel moot, the Court also notes that Plaintiff is ineligible for appointment of counsel. Decisions on appointment of counsel fall within the Court's discretion, and the Court need appoint counsel only where an "indigent plaintiff presents exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). No such circumstances exist in the instant case.

4:04-cv-01417-HFF     Date Filed 08/18/05     Entry Number 19     Page 5 of 5